UNITED STATES of America

v.

Tavares BATTLE, Defendant.

Cr. No. 99–0363M–01 JMF.

United States District Court, District of Columbia.

June 29, 1999.

on maximum supervision and is unemployed.

Teresa Alua, Federal Public Defender's Office for D.C., Washington, DC, for Defendant.

## DETENTION MEMORANDUM

FACCIOLA, United States Magistrate Judge.

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, I have decided to grant the government's motion and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. On June 23, 1999, at about 9:45 p.m. police officers saw the defendant drive through a red light. They followed him to the 1200 block of 5th Street, N.E. The defendant jumped out of the car and, when he returned to it, the police found a loaded gun, a 9 mm. Luger, about 20 to 25 feet from where he had been. The defendant then told a detective that the gun was his.

2. In 1997, pursuant to what must have been a comprehensive plea bargain, the defendant was convicted of two violations of the Bail Reform Act, attempted distribution of cocaine and possession of marijuana. He is on probation for these offenses and his probation officer describes the defendant's compliance as marginal to fair. His probation officer also indicates that the defendant is now

## REASONS FOR DETENTION

The government seeks the defendant's pre-trial detention on the grounds that the defendant presents a serious risk of flight. 18 U.S.C. § 3142(f)(2). In making that determination, the court is to consider: [1]

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

 a. His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

 b. Past conduct, history relating to drug or alcohol abuse;

 c. Criminal history;

 d. Record concerning appearance at court proceedings;

 e. Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law.

18 U.S.C. § 3142.

Since the crime charged neither is a crime of violence nor involves a narcotic drug, the factors which bear most significantly on the detention determination for this case are "the history and characteristics of the person."

---

1. To secure detention on this basis the government must establish by a preponderance of the evidence that there are no conditions which can reasonably assure that the defendant will appear for trial. *United States v. Xulam,* 84 F.3d 441, 442 (D.C.Cir.1996).

## Family Ties, Employment and Community Ties

While the defendant has resided in this community for his entire life, his probation officer says that he is unemployed. Defendant's father and sister were in court and his father expressed his willingness to take custody of his son. He tested negative for drug use and his probation officer reports that he has tested negative while under supervision.

## Criminal History and Record Concerning Appearance at Court Proceedings

As to the defendant's criminal history, his history of appearing in court, and his record while on probation, the United States has compiled an interesting history. Its analysis shows that (1) defendant has been convicted of two offenses which were committed while he was on conditional release for other charges and (2) the defendant has frequently been arrested for new charges while on conditional release for other charges. Specifically, the defendant was (1) arrested for possession with intent to distribute marijuana while on conditional release in two cases both of which involved possession of a firearm without a license; (2) arrested for distribution of marijuana while on conditional release for possessing marijuana with intent to distribute it; (3) arrested for possessing marijuana while on conditional release for possessing and distributing it; (4) arrested and ultimately convicted for attempted distribution of crack cocaine and possession of marijuana while on conditional release for distributing marijuana and possessing it with intent to distribute it; and (5) on probation for two Bail Reform Act convictions and for attempted distribution of crack and possession of marijuana when arrested for two vehicular offenses and for the charges in this case.

What divides the United States and the Federal Public Defender is the significance of this history in defining the words "risk of flight" in the Bail Reform Act.

According to the Federal Public Defender, "flight" means leaving the jurisdiction to avoid prosecution. The Federal Public Defender insists that the defendant has never been any where but the District of Columbia and utterly lacks the means or motivation to leave the jurisdiction. It asks that the defendant be placed in the custody of his father. Ironically, an analysis of the defendant's criminal record done by the government shows the defendant's roots in the community in an odd way. It is startling how many times the defendant has been arrested in the District of Columbia at the same location or nearby.

The United States counters that this interpretation of "risk of flight" is entirely too narrow. It insists that the unlikelihood that the defendant will comply with the condition that he appear when required and avoid committing any new crimes renders him a "risk of flight" even if he never attempts to leave the District.

 I believe that the United States' interpretation is correct. It cannot be gainsaid that Congress made "risk of flight" a grounds for detention because it believed that there were major drug dealers to whom the posting and losing of even large amounts of money bond were not a deterrent but a mere cost of doing business. S.Rep. No. 98–225, 98th Cong. 1st Sess. II–20. It does not follow, however, that an assessment of whether the defendant presents an intolerable risk of flight is limited to the defendants who have a private jet awaiting for them at the airport. It must be remembered that one of the factors which Congress required a magistrate judge to consider is the defendant's history of appearing in court when required (18 U.S.C. § 3142(g )(3)) and told the judge to focus on whether there are "conditions of release that will reasonably assure the appearance of the person as required." 18 U.S.C. § 3142(g). The defendant's prior history of failing to appear bears pointedly on determining whether he will appear when required. One is hard pressed to understand why Congress di-

rected the magistrate judge's focus to the defendant's prior history if it did not intend that prior history to be a basis for determining how likely it is that the defendant will appear when required and instead intended that the Court focus only on the risk that the defendant will leave the Court's jurisdiction.

Furthermore, disregarding the defendant's history of appearing in court in ascertaining whether there are conditions which will reasonably assure his appearance when required is, to put it mildly, counterintuitive. As in any human endeavor, what is past is prologue and there can be no better evidence bearing on whether the defendant will appear when required than whether he has appeared when required in the past and has been faithful to the conditions of his conditional release, probation, or parole. To disregard that history and to focus only on whether the defendant will or will not leave the jurisdiction is to disregard the most useful information available. *See United States v. Robinson*, 27 F.Supp.2d 1116 (S.D.Ind.1998) (defendant posed risk of flight because of failure to appear in court and to comply with terms of probation even though he lived in judicial district all of his life).

■ I therefore conclude that ascertaining whether a defendant presents a serious risk of flight requires inquiry into his behavior when released previously on conditional release, probation or parole. Since I am of that view, I will hold this defendant because his record on that score is such a poor one. Not only was he convicted of crimes committed while he was on conditional release for old ones, he has already been convicted of two violations of the Bail Reform Act for failing to appear when required. While either of those facts might not in a given case lead to his detention, their combination makes it impossible to conclude that this defendant would be more faithful to the conditions that I set than he was to the conditions other judges set. I therefore conclude

that there are no conditions I could set that would reasonably assure this defendant's appearance and that he should be detained pending trial.